GEORGE F. JONES *et al.*, APPELLANTS, *v.* H. F. THEALL, RESPONDENT.

The Legislature of this State, when convened in special session, can only legislate on those subjects for which they were specially convened, and such others as may be called to their attention during the session, by the Governor.

The Secretary of State may transmit to the Legislature in extra session the bills vetoed by the Governor, after the expiration of the regular session, but unless the Governor call attention to these vetoed bills and require action thereon, the Legislature is powerless to act until the next regular session.

THIS was an original application for mandamus, to this Court. The facts are stated in the opinion of the Court.

*Williams & Bixler*, for Relators.

Where the word "session" of the Legislature is used in the Constitution, it includes both general and special session, unless some qualifying words are used to confine it to one or the other.

If Sec. 35, Art. IV is not restrained by some other clause, the Secretary must return vetoed bills to the first session of the Legislature (general or special).

In our view, Sec. 9, Art. V, of the Constitution confines legislative action in special sessions to subjects to which the Governor calls attention, and to those subjects which the Constitution provides shall be acted on.

If it was intended to require the Secretary only to return vetoed bills to the next regular session, then, even if the Governor were to call the special attention of the Legislature to such a bill, and desire their action thereon, they could not act because the bill would not be in their possession, and they would have no means of getting it if the Secretary of State should choose to withhold it until the time arrived at which the Constitution would require him to return it.

*Wm. Hoover*, City Attorney, *Mesick & Seely*, and *W. F. Cole*, for Respondent. No brief on file.

Opinion by LEWIS, J., BEATTY, C. J., concurring.

This is an application by the relator, for a mandamus to compel the Treasurer of Storey County, [Virginia City] to pay certain warrants held by him, and which he claims are payable out of the Redemption Fund of the County [City] Treasury.

The relator bases his right to this writ entirely upon an Act of the Legislature, entitled "An Act providing for the Payment of certain Indebtedness due certain parties from the City of Virginia," which was passed by the State Legislature at its third session, vetoed by the Governor, and at a special session subsequently held, again passed, notwithstanding the objections of the Executive. All the material facts recited in the affidavit are admitted in the answer, and the only question presented for determination by this Court is whether the Act above referred to ever became a law. It appears

that after the adjournment of the regular session of the Legislature, and within the constitutional time, the Governor having some objections to the bill, filed it, together with his objections thereto, in the office of the Secretary of State, as required by Sec. 35, Art. IV, of the Constitution, which declares that "if any bill shall not be returned within five days after it shall have been presented to him, (the Governor) exclusive of the day on which he received it, the same shall be a law in like manner as if he had signed it, unless the Legislature, by its final adjournment, prevent such return; in which case it shall be a law, unless the Governor, within ten days next after the adjournment, (Sundays excepted) shall file such bill, with his objections thereto, in the office of the Secretary of State, who shall lay the same before the Legislature at its next session in like manner as if it had been returned by the Governor; and if the same shall receive the vote of two-thirds of the members elected to each branch of the Legislature, upon a vote taken by yeas and nays, to be entered upon the journals of each House, it shall become a law." To the special session of the Legislature convened by the proclamation of the Governor a few days after the adjournment of the general session, the Secretary of State returned this bill, which was taken up and passed by a two-thirds' vote, and thus it is claimed become a law. Upon these facts, it is urged on behalf of the defendant that the Legislature, at its special session, had no power to act on the bill, it not having been called to its attention by the Governor, and therefore that it never became a law.

Such is also our opinion, and we think it most clearly sustained both by the letter and spirit of the Constitution. Whilst the scope within which the Legislature may act during its general session is almost unlimited, it is restricted at its special sessions to the consideration of such business as may be specially called to its attention. Section 9, Article V, of the Constitution prescribes the limits of its power at such sessions in the following language: " The Governor may on extraordinary occasions convene the Legislature by proclamation, and shall state to both Houses, when organized, the purpose for which they have been convened, *and the Legislature shall transact* no legislative business *except that for which they were specially convened*, or such other legislative business as the Governor may call to the attention of the Legislature while in session."

There is certainly no ambiguity in this language; and unless we adopt the saying of Talleyrand—that words are given to conceal ideas—there can be no difficulty in ascertaining the object sought to be accomplished by this section of the Constitution. The powers of the Legislature at its special sessions are expressly and clearly limited to the transaction of the business for which it may be convened, or such other business as the Executive may call to its attention whilst it is in session. If the Legislature can break through this limit for one purpose, it may for all purposes, and enter upon general legislation. If it may take up a vetoed bill to which its attention is not directed by the Governor, it may frame and pass an entirely new bill upon a subject not referred to in any Executive message. It is either strictly limited to such special subjects as may be called to its attention, or it is not limited at all. There is no mean between these extremes which can be adopted without a clear departure from the letter of the Constitution. Let it be borne in mind that it is only upon extraordinary occasions that a special session is authorized to be called : such being the case, it is fair to presume that it was the intention to allow none but urgent business, and such as would admit of no delay, to be transacted at such a session; that ordinary legislative business should not be transacted at a session which can properly be convened only upon some extraordinary occasion, or when some great emergency makes it necessary, is so manifestly proper, and the transaction of such business would seem to be so manifestly *improper*, that we are confirmed in the opinion that it is the purpose of the Constitution to forbid consideration of any but such business as the Governor may deem necessary to be transacted at such sessions; but a reconsideration of all bills vetoed and filed by the Governor in the office of the Secretary of State after the adjournment of the general session, is not necessarily business of such urgent importance as to make a special session necessary, or such as to justify the attention of the Legislature if so convened. Such bills might possibly be of the most trivial character. At least, if it were deemed important to have them reconsidered, it is the province of the Executive to ask legislative action upon them. It is however said by counsel, that Sec. 35 of Article IV makes it the duty of the Secretary of State to transmit all

vetoed bills filed with him after the adjournment of the regular
session, to the " Legislature at its next session " (which, it is urged,
means the next session, whether general or special) ; but it is
claimed, if they could not be considered at a special session, to make
it necessary to transmit them to such session would be requiring a
vain and useless act to be done by the Secretary.

We readily assent to the construction placed on this section by
counsel for relator, *i. e.,* that it is made the duty of the Secretary
of State to transmit all such bills to the first session of the Legisla-
ture, whether general or special, after they are filed in his office ;
but we cannot agree with counsel that to transmit them to a special
session would be a useless act, simply because they could not, as a
matter of course, be acted upon at such session.    On the contrary,
their transmission to such session seems a matter of necessity, be-
cause the Governor may deem it necessary to call attention to them
and require their consideration.    But if the Constitution only re-
quired the Secretary of State to transmit them to the Legislature at
its *general* sessions, it is clear no power could compel him to trans-
mit them to a special session, though the Governor call attention to
and request action upon them.

There is therefore a necessity in requiring the transmission of
such bills to the Legislature at its special as well as regular sessions.
In such case, that body would probably have possession of such bills,
and could properly act upon or reconsider them if the Executive
should direct attention to them.    It is also claimed that the trans-
mission by the Secretary of such vetoed bills, together with the
Governor's objections thereto, to the Legislature, is a calling of
attention to them by the Governor.    We do not believe the Consti-
tution warrants any such conclusion.    The Executive's objections to
a bill, or reasons given by him for withholding his approval, is not
calling attention to business upon which legislative action is neces-
sary.    What is meant by the words " such other legislative business
as the Governor may call to the attention of the Legislature while
in session ? "    Clearly such business as the Governor may deem it
necessary for the Legislature to transact, and upon which he may
solicit action—the business for which the special session is convened,
or such other business as may be called to the attention of that body

by some message coming from the Governor during the session, and upon which he may ask legislative action. Many subjects may incidentally be referred to in the Executive messages upon which no action whatever is required, but it will hardly be claimed that such incidental reference would authorize legislation upon all such subjects at a special session. The evident object, it seems to us, is to restrict legislation at such sessions to those subjects which the Governor may deem it necessary to legislate upon. If such be not the object, why was any restriction whatever placed upon the Legislature at its special sessions, or any control over its power given to the Executive ? If we are correct in the construction which we place upon Sec. 9, above referred to, it cannot be said that the Governor's objections to a bill filed with the Secretary of State before the convention of the special session is such a calling of attention to the bill as to justify its consideration at such session. We are satisfied that the Legislature, at a special session, can only legislate upon such subjects as are specially called to its attention by the Governor, with a view to secure legislative action thereon.

Mandamus refused.