[S. F. No. 14029. In Bank.—January 12, 1931.]

## A. H. CARPENTER, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

A. H. Carpenter, *in pro. per.*, for Petitioner.

Fitzgerald, Abbott & Beardsley for Respondent.

PRESTON, J.—Proceeding to review the action of the Board of Governors of The State Bar.

Petitioner, on December 17, 1927, at the time the State Bar Act went into effect, was a licensed attorney authorized to practice in the courts of this state. He paid his membership dues as prescribed in said act for a time. However, on November 22, 1929, the Board of Governors increased the annual dues from $5 to $7.50 and at about the same time imposed a penalty for delinquency in this payment of $3.

Petitioner paid neither the dues nor the penalty for the year 1930. The two months' notice prescribed by section 46 of the act was regularly given and following the expiration of this period, on June 20, 1930, the Board of Governors took action purporting to suspend petitioner from membership in The State Bar.

The section of the State Bar Act (Stats. 1927, p. 38) involved, so far as here material, is as follows: "Sec. 46. . . . Any member . . . failing to pay any fees . . . and after two months' written notice of his delinquency, must be suspended from membership in The State Bar. . . . " This section is followed by section 47, which reads: "No person shall practice law in this state subsequent to the first meeting of The State Bar unless he shall be an active member thereof as hereinbefore defined."

It is clear, therefore, that the sum total or aggregate effect of these provisions is to suspend the right of petitioner to practice law, which suspension will terminate only upon his compliance with the law. It is to be noted, however, that the act does not in so many words say that the Board of Governors shall make the order of suspension from membership. It occurs to us that as this really amounts to suspension from the right to practice law and further that inasmuch as an attorney is an officer of the court, it would seem to have been the legislative intent that his suspension should be made by an order of this court and that the action of the Board of Governors in the matter should be treated as a finding of fact and recommendation that this court make such order. This too is in consonance with our holdings in matters of admission and discipline of attorneys. (*In re Shattuck*, 208 Cal. 6, 9–12 [279 Pac. 998]; *Brydonjack* v. *The State Bar*, 208 Cal. 439, 443 [66 A. L. R. 1507, 281 Pac. 1018].) It also avoids a discussion of the contention that it is in effect the conferring of judicial authority upon

a tribunal other than a court. (See *Suckow* v. *Alderson*, 182 Cal. 247 [187 Pac. 965].)

It is true that petitioner disclaims liability and denies the power of the Board of Governors to fix or collect membership dues or assess penalties, but he offers no argument or authority germane to the subject. The validity of the State Bar Act as a regulatory measure under the police power has been repeatedly upheld by this court. When that fact is conceded, it follows as a matter of course that the reasonable expenses necessary to pay the costs of enforcement of the act, in furtherance of the purposes thereof, may be imposed upon the membership in the form of fees or dues. (*Shaffer* v. *Beinhorn*, 190 Cal. 569 [213 Pac. 960]; *Riley* v. *Chambers*, 181 Cal. 589, 593 [9 A. L. R. 418, 185 Pac. 855]; *Goer* v. *Taylor*, 51 N. D. 792 [200 N. W. 898].)

The act is not open to the criticism that an unregulated discretion is conferred upon an executive body. The act provides that the membership fee above mentioned may be increased by the Board of Governors to an amount not to exceed $10. It also provides that no penalty can exceed double the amount of the delinquent dues. Thus it seems that the discretion of the Board of Governors is strictly controlled by the act, apparently drafted especially to obviate this criticism. (*Ex parte McManus*, 151 Cal. 331 [90 Pac. 702]; *Riley* v. *Chambers, supra; Tarpey* v. *McClure*, 190 Cal. 593 [213 Pac. 983]; *Dominguez Land Corp.* v. *Daugherty*, 190 Cal. 468 [238 Pac. 703].)

It appearing from the action of the Board of Governors of The State Bar that a membership fee of $7.50 and a penalty for delinquency of $3 have been regularly imposed upon petitioner and that two months' notice of such delinquency has been regularly given and that such delinquency still obtains and that the effect of such delinquency is to deprive petitioner during the continuance thereof of the right to practice law, it is, therefore, ordered that the petitioner, A. H. Carpenter, be and he is hereby suspended from the practice of the law in this state until such time as he may be reinstated upon the payment of said delinquent membership fee and penalty.

Curtis, J., Langdon, J., Richards, J., Seawell, J., Waste, C. J., and Shenk, J., concurred.