### KELLEY v. STATE BAR OF OKLAHOMA.

No. 21983.   Opinion Filed April 28, 1931.

H. Tom Kight, for the plaintiff.

Geo. S. Ramsey, Ben F. Williams, and J. R. Keaton, for the defendant.

KORNEGAY, J.  This is an original proceeding in this court asking for an adjudication of the constitutionality of the act known as the State Bar Act, Sess. Laws 1929, c. 264, and asking for an order restraining the State Bar from undertaking to investigate the conduct of the petitioner, or to disbar him from the practice of law.

A brief has been filed in this case on behalf of the petitioner and in support of the petition. A demurrer has been filed to the application by the State Bar of Oklahoma on account of the insufficiency of the petition to warrant the relief asked for. The brief of the petitioner attacks the State Bar as being a private association. We hold that it is not, that it is a body created by the Legislature for the purpose of enabling this court to better carry out its functions with reference to its own officers and those that are privileged to represent litigants in the courts of this state.

Another attack is made on the act because in the attempt at regulation of the officers of the court, and those who are permitted to practice law, a membership fee is required of five ($5.00) dollars. We see nothing in the Constitution that would prohibit the Legislature, under its constitutional power and duty, from requiring a privileged class, such as licensed attorneys are, to pay a small fee, such as this is, toward the expenses of the regulation of the profession to which they belong.

The further contention is made in this brief that to allow the Board of Governors to investigate the charges made against the petitioner, and to make a recommendation to this court preparatory to his exoneration

or condemnation, violates his fundamental rights under the Constitution of this state. We do not think so. The power must rest somewhere to pass upon the fitness of the petitioner in this case to be admitted to the practice of law, and also the power must rest somewhere to prohibit him from further practice. That power, as it now stands, is vested in this court, and an arm of this court is the State Bar, and when the matter comes before us, upon a recommendation, along with the proof, submitted by the Governors of the State Bar, it will be time to pass upon the matter.

The attack is made upon the organization of the State Bar, as defined in the act, upon the ground of mingling legislative, executive, and judicial functions. We do not think that the act is subject to the criticism offered.

The further attack is made that to require the plaintiff to pay the fee prescribed in the act, under the penalty of disbarment, would be a bill of attainder, and is therefore forbidden by law. We do not think that the simple requirement of a member of a class, privileged such as an attorney is in this state, that he should pay a small fee of five ($5.00) dollars a year into the treasury, for the purpose of carrying on the regulating of the profession to which he belongs, could by any means be held to be a bill of attainder.

As to whether or not the right to practice law is a property right, in the sense of it being one that entitles the holder of the license to practice a profession, we do not care to consider, as it is clear that under the police power of this state, and under the necessary power given to this court to perpetuate its existence, the petitioner's right to practice law before the courts of this state is a matter subject to regulation and inquiry.

We find nothing in the act, that is complained of by this petitioner, that would justify us in holding it unconstitutional. We have more fully considered the matters and things complained of in this case in the case of State Bar of Oklahoma v. Q. P. McGhee and Frank R. Burns, No. 21206, 148 Okla. 219, 298 Pac. 580, and are satisfied that the act is not subject to the attacks made on it in this case.

The injunction, therefore, will be denied, and the Governors of the State Bar are directed to proceed with the inquiry, with a view of getting the evidence and making all necessary orders.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., concurs in the conclusions. CLARK, V. C. J., dissents.

---

CLARK, V C. J. (dissenting). The majority opinion reaches the conclusion that chapter 264, Session Laws 1929, known as "The State Bar Act." is constitutional. No authorities are cited supporting this conclusion. The act under consideration provides that the State Bar, as a legal entity, shall have a seal and may sue and be sued, and which may, for the purpose of carrying into effect and promoting the objects of said association, enter into contracts and acquire, hold, incumber, and dispose of such real and personal property as is necessary thereto.

These provisions are found in section 2 of the act. The court should look behind the name to the thing named to determine its character, and not the mere title under which it passes. Where the power is given in such language as to make a corporation in effect, it will be so declared, although not actually expressed to be by the Legislature. It is a principle of law which has been so often acted upon that where rights, privileges, and powers are granted by law to an association of persons by collective name, and by which such rights or powers are exercised without acting in a corporate capacity, such associations are, by implication, a corporation so far as to enable them to exercise the rights and powers granted.

Section 1, art. 9, of the Constitution of Oklahoma provides in part as follows:

"As used in this article, the term 'corporation' or 'company' shall include all associations and joint stock companies having any power or privileges, not possessed by individuals, and exclude all municipal corporations and public institutions owned or controlled by the state. * * *"

This makes the State Bar, as a legal entity, a corporation. Being a corporation, and the governing body being elected by its members, to wit, the members of the Bar of Oklahoma, then it must be a private corporation. It cannot be said that the State Bar is a public corporation, for the reason the act creating it attempts to give it statewide jurisdiction, and if a public corporation, which serves the state, the election of its public officials could not be limited to a small per cent. of the qualified electors of the state. To hold that it is a public corporation and that its governing body, Board of Governors or Board of Directors, could be elected by the vote of the State

Bar alone (about 3,600), would be to say that more than 500,000 qualified electors in Oklahoma would be disfranchised and not permitted to participate in the affairs of their government. The Legislature tried to give to the State Bar legislative, judicial, and executive powers. The State Bar has authority to pass laws or rules for the conduct of attorneys and provides penalties therefor for the violation thereof.

Just as the Legislature has authority to pass laws on any other subject, the State Bar has jurisdiction to prosecute lawyers for the violation of the rules or laws so enacted by the State Bar, and is further given jurisdiction to sit in judgment on the ones so prosecuted and to enter an order or judgment suspending, disbarring, or disciplining the attorney so charged.

The Legislature is without authority to give a private corporation such authority. It further violates the Constitution of Oklahoma, section 38, art. 9, which reads as follows:

"No private corporation shall be created nor foreign corporation licensed to conduct business in the state except by general law."

The organization and creation of the State Bar is a private corporation, was created by a special law and not by a general law, and is clearly in contravention of this section of the Constitution.

This cause was presented to the court, together with cause No. 21206, involving the same question. Attorneys for the Board of Governors, at page 14 of their brief, in that case state: "The power to admit applicants to practice law and the power to disbar members of the profession are judicial and not legislative." They also cite the case of Ex parte Secombe, 19 How. 9, 15 L. Ed. 565, in which the court said:

"It has been well settled by the rules and practices of common-law courts that it rests exclusively with the court to determine who is qualified to become one of its officers as attorney and counsel and for what cause he ought to be removed."

The Supreme Court of United States in Ex parte A. H. Garland, 18 L. Ed. 370, in the body of the opinion said:

"The attorney and counselor being, by a solemn judicial act of the court, clothed with his office, does not hold it as a matter of grace and favor. The right which it confers upon him to appear for suitors, and to argue causes, is something more than a mere indulgence, revocable at the pleasure of the court, or at the command of the Legislature. It is a right of which he can only

be deprived by the judgment of the court, for moral or professional delinquency."

The holding in this case that the right to practice law cannot be revoked at the pleasure of the court or command of the Legislature is a correct rule of law. This act provides that if an attorney at law does not pay annually a sum not exceeding $10, he shall not be permitted to enjoy his profession. Can the right to practice law be taken from a citizen of Oklahoma without a judicial determination at the command of the Legislature? If the Legislature could fix a sum not exceeding $10, it could fix a sum not exceeding $10,000, and thereby deprive many citizens of Oklahoma of their constitutional rights to follow a recognized legal vocation. I do not agree with the theory advanced as a reason for the State Bar, that the attorneys in Oklahoma are so corrupt that they must necessarily be regulated and controlled by a select Board of Governors.

Six years' experience on the highest court in the state, and coming in contact in a professional way with many of the attorneys of the state of Oklahoma, gives me the right to say that I will take judicial notice of the fact that the great majority of attorneys at the bar in the state of Oklahoma are honorable, upright, ethical citizens who follow their chosen profession and are leaders in their communities and are entitled to the respect and confidence of every citizen in the state, both lawyer and laymen alike. It is true there is an occasional exception to this general rule, but the number of unethical and unfaithful attorneys in this state is negligible, and to require each attorney in this state to pay a fee that a Board of Governors may be maintained is an unnecessary expense. I do not mean this as a criticism of the Board of Governors of the State Bar, all of whom are high class, ethical lawyers, but no necessity exists in Oklahoma for having in each community an administrative committee to regulate the conduct of the lawyers of the state. It is contrary to the principles of our government.

The best governed people are the least governed and no one knows this better than the lawyer. This private association excludes the public from taking part in the election of the governing board, and it was stated in open court by one of the attorneys for the State Bar that the average citizen is not competent to participate in the selection of the Board of Governors. I do not agree with this theory of government. The average citizen pays the fees that support

the members of the bar of this state, the average citizen is the person represented by the attorney and is more interested than anyone else in the kind and character of attorney that represents him.

I am of the opinion that the people of Oklahoma have shown a wonderful capacity for self-government, and the argument made to this court that they are not qualified for self-government is without precedent in this state of ours. The average citizen is competent to elect his courts, governors, and the Legislature that passed this act.

Section 26 of chapter 264, Sess. Laws 1929, provides, in part, as follows:

"The Board of Governors shall have power, after a hearing, for any of the causes now existing in the laws of the state of Oklahoma, or hereafter prescribed by rules adopted in pursuance of this act, warranting disbarment or suspension, to disbar members or to discipline them by reproval, public or private, or by suspension from practice, and the board shall have power to pass upon all petitions for reinstatement. * * *"

Counsel for the State Bar in their brief filed in the companion case, at page 31, state:

"The State Bar Act vests no judicial power in the Board of Governors, in that it can neither admit nor disbar, the order of admission or disbarment being the judgment and decree of the Supreme Court itself. * * *"

This states the correct rule of law, and, being a judicial determination, is vested in the Supreme Court of Oklahoma, and section 26, supra, is unconstitutional and void in that it is an attempt to vest this power in the Board of Governors.

Section 24 of chapter 264, Sess. Laws 1929, provides:

"With the approval of the Supreme Court, and subject to the provisions of this act, the board shall have power to fix and determine the qualifications for admission to practice law in this state, and to constitute and appoint a committee of not more than seven members with power to examine applicants and recommend to the Supreme Court for admission to practice law those who fulfill the requirements, and no person shall be admitted to practice without such recommendation."

This places the primary authority for admission to practice law in the Board of Governors and makes the Supreme Court an arm of the Board of Governors instead of the Board of Governors being an arm of the Supreme Court. This court has never conceded and does not now concede that the Legislature has authority to take away from it the right to admit, disbar, or reinstate attorneys in this state. This being a judicial power, it cannot be delegated to a private corporation by the Legislature.

Section 26 further provides: "* * * and the board shall have power to pass upon all petitions for reinstatement."

The right and power to pass upon petitions for reinstatement is a judicial power vested in the Supreme Court, and the attempt to vest it in the Board of Governors is unconstitutional and void.

I am of the opinion that the act is unconstitutional and inoperative: First, for the reason it attempts to create a private corporation by special law. Second, it is an attempt to confer upon said private corporation legislative, executive, and judicial power. Third, it requires citizens of Oklahoma, before they can engage in a lawful vocation, to pay fees to a private corporation. Fourth, it attempts to take away from the Supreme Court and vest in the State Bar authority to admit, disbar, and reinstate attorneys, which authority is judicial and vested exclusively in the Supreme Court. Said act should be held unconstitutional and inoperative.