STATE EX REL. MCCLOSKEY ET AL. *v.* GREATHOUSE, SECRETARY OF STATE

No. 3085

October 1, 1934.                    36 P. (2d) 357.

*George Springmeyer* and *Douglas Busey,* for Relators:

*Gray Mashburn,* Attorney-General, and *W. T. Mathews* and *Julian Thruston,* Deputy Attorneys-Generals, for Respondent:

*N. E. Conklin,* for Intervener:

## OPINION

By the Court, DUCKER, J.:

Invoking our original jurisdiction, relators seek a writ of prohibition to restrain the respondent from

certifying the name of H. Pilkington as a candidate for the office of district judge of the Fifth judicial district of the State of Nevada.

At the hearing, upon stipulation of counsel for relators and the attorney-general, Pilkington was permitted to intervene.

Respondent insists that prohibition is not a proper remedy. We find it unnecessary to determine this contention.

1. Two grounds are presented by relators in support of their claim of right to the issuance of the writ.

The first is that intervener is not eligible for said office or to be a candidate for the same because he had been suspended as a member of the state bar of Nevada for nonpayment of dues for the year 1933 and was so suspended on the 4th day of August, 1934, when he filed his declaration of candidacy. The state bar of Nevada, contending that intervener had not paid his dues in the organization after two months' written notice, made an order on June 1, 1934, purporting to suspend him from membership in the state bar. He had not been reinstated as a member thereof on August 4, 1934, when he filed his said declaration of candidacy. This order of suspension was made under the provisions of section 46 of the state bar act (Stats. 1928, Sp. Sess., ch. 13 [section 585, N. C. L.]) which, in part, reads: "Any member * * * failing to pay any fees after the same become due, and after two months' written notice of his delinquency, must be suspended from membership in the state bar. * * * *"

The contention that the intervener is ineligible by reason of the facts stated cannot be maintained. The order of suspension made by the state bar was never called to the attention of this court, and consequently no order of suspension was made thereon or at all in this court. The action of the state bar in this respect, if effective, would amount to a suspension of intervener's right to practice law. This would follow as a course by reason of section 47 of the state bar act, section 586, N. C. L., which reads: "No person shall

practice law in this state subsequent to the organization meeting of the state bar unless he shall be an active member thereof as hereinbefore defined."

2, 3. It is uniformly held that the power to disbar or suspend an attorney from the practice of law, like the power to admit a person to such practice, is judicial in its nature and can be exercised only by the courts. Ex parte Garland, 4 Wall. 333, 18 L. Ed. 366; Ex parte Secombe, 19 How. 9, 15 L. Ed. 565; In re Durant, 80 Conn. 140, 67 A. 497, 10 Ann. Cas. 539; In re Opinion of the Justices, 279 Mass. 607, 180 N. E. 725, 81 A. L. R. 1059. This being so, the case is ruled by the decision in In re Scott, 53 Nev. 24, 292 P. 291, in which it is held that the decision of the board of governors of the state bar relating to the disbarment or suspension of an attorney is merely recommendatory and not final, and does not and cannot amount to a judgment of disbarment or suspension. The decision in In re Scott, construing section 26 of the state bar act (N. C. L. sec. 565), follows the decision in In re Shattuck, 208 Cal. 6, 279 P. 998, construing section 26 of the state bar act of California (St. 1927, p. 41). Both sections are in the same language.

Counsel for relators dispute the rule and contend further that as the instant case is governed by section 46 of the state bar act, a different rule is applicable, and that a board of governors may suspend for the nonpayment of dues, which suspension will be effective without an order of the supreme court.

The same contention that counsel for relators make was made in Carpenter v. State Bar of California, 211 Cal. 358, 295 P. 23, 24, which involved the suspension of an attorney by the board of governors for the nonpayment of dues. The court, quoting portions of sections 46 and 47 of the state bar act of California (St. 1927, pp. 44, 45), which are identical in language with the same sections of our state bar act, said: "It is clear, therefore, that the sum total or aggregate effect of these provisions is to suspend the right of petitioner to practice law, which suspension will terminate only upon his

compliance with the law. It is to be noted, however, that the act does not in so many words say that the board of governors shall make the order of suspension from membership. It occurs to us that, as this really amounts to suspension from the right to practice law, and further that, inasmuch as an attorney is an officer of the court, it would seem to have been the legislative intent that his suspension should be made by an order of this court, and that the action of the board of governors in the matter should be treated as a finding of fact and recommendation that this court make such order. This, too, is in consonance with our holdings in matters of admission and discipline of attorneys."

We are in accord with this opinion.

The second ground presented to us is without merit and will not be discussed.

As intervener, H. Pilkington, had not been suspended by this court, an order was heretofore made dismissing the proceeding.

COLEMAN, J., concurring:

I concur on authority of the cases of In re Shattuck, 208 Cal. 6, 279 P. 998, and Carpenter v. State Bar, 211 Cal. 358, 295 P. 23.