## In Re PILKINGTON

No. 3110

October 16, 1935.                    49 P. (2d) 965.

*H. Pilkington,* pro se.

*George A. Montrose* and *Grover L. Krick,* for State Bar of Nevada.

## OPINION

By the Court, COLEMAN, J.:

H. Pilkington, a member of the state bar of Nevada, a corporation, was charged with unprofessional conduct, before the local administrative committee of said state bar of Nevada, in and for Mineral County, by a duly verified written complaint filed November 20, 1934, in that having been employed in his professional capacity to collect a judgment in favor of one A. R. Werner, he did collect the same in June, 1932, and though often requested so to do, he failed and neglected to account and pay over to said Werner, after deducting his proper charges for his services, the proceeds of said collection or any part thereof.

On November 21, 1934, notice to answer the said complaint within ten days, if served personally, was

issued. On November 22, 1934, M. W. Chiatovich made an affidavit that on that day he served a copy of said notice and a copy of said complaint upon H. Pilkington at Hawthorne, Mineral County, Nevada. Pilkington did not appear and file an answer to said complaint, or at all. It appears that the local administrative committee of the state bar of Nevada, on December 17, 1934, held a meeting at the town of Hawthorne, Mineral County, Nevada, at the hour of 1: 30 p. m., at which witnesses were called and testified in support of the charges contained in the complaint, and that said local administrative committee thereafter made its findings and report to the honorable board of governors of the state bar of Nevada, wherein it found said Pilkington guilty as charged in the complaint, and recommended that he be forever disbarred and prohibited from practicing law in the courts of Nevada. It further appears that thereafter and on January 3, 1935, notice of the receipt of said findings and recommendations by said board of governors was mailed to the said H. Pilkington by the secretary of the state bar of Nevada, at Hawthorne, Nevada. It further appears that thereafter at a special meeting of the board of governors of the state bar of Nevada, of which H. Pilkington was duly notified, but at which he failed to appear and file a statement, or application for a trial de novo, or to present additional evidence, the record having been fully considered, the said board of governors found the charges in the complaint to be true, and that said Pilkington had been guilty of unprofessional conduct warranting his being disciplined, and recommended that he be suspended from membership in the state bar of Nevada for the period of one year, and until he be reinstated by this court, that his license to practice law be revoked, and that he be enjoined from practicing law directly or indirectly.

On May 27, 1935, Mr. Pilkington filed in this court his petition in this matter, in which he states that he received a copy of the "Findings of Fact and Recommendation"; that he had no notice of the hearing held

at Hawthorne, Nevada, on December 17, 1934, by the local administrative committee, until after it was held, and then only through hearsay; that he received no citation, was allowed no chance to cross-examine the witnesses; that it is untrue that he refused to pay the amount collected, or that he had been guilty of any unprofessional conduct. The petition also alleges that these proceedings were suggested and promoted by his personal and political enemies. The prayer of the petition is that the report of the board of governors be disregarded, and that the proceedings against him be dismissed.

At the time this matter was set for hearing before this court upon the petition mentioned, the accused appeared in person and made a statement to the effect that he had not been served with notice to answer the complaint in this matter; that he did not know of the hearing at Hawthorne, until after it had been held; and asked for a continuance, and upon the denial thereof, he asked that the matter be referred back to the board of governors for a rehearing. His application being denied, and there being no argument upon the record, the matter was ordered submitted for consideration and decision.

██ The act incorporating the state bar of Nevada (Stats. Sp. Sess. 1928, c. 13, p. 13, section 540 et seq., N. C. L.) creates a board of governors, provides for the creation of a local administrative committee, provides for the adoption of rules of procedure, and contains other provisions for the disciplining of members of the state bar of Nevada. The rules of procedure adopted pursuant to the above-entitled act provide for the filing of a complaint against a member of the state bar, and for the issuing and service of notice to appear and answer the same. Rule XXII provides that if the accused shall fail to answer the complaint within the time allowed, that the local administrative committee may proceed to a determination, and that the accused shall not be entitled to any further notice. Thus it appears that by failing to answer the complaint, the

accused was not entitled to notice of the meeting held by the local administrative committee. The accused does not contend in his verified petition that a copy of the complaint and a copy of the "Notice to Answer Complaint" were not served upon him, though he makes vague contentions to the effect that he had "no chance for a hearing, received no citation, and does not know what evidence was adduced." We infer that he means he had no notice of the time and place of the investigation by the local administrative committee. Having defaulted, he was not entitled thereto. The proceedings were regular in every respect, hence the only question is: Do the facts justify the recommendations of the board of governors? We think they do. The accused admits in his petition the receipt of the money, and his failure to pay it over to Werner. The money was collected over two years prior to the filing of the charges, and Werner repeatedly demanded settlement, and the written statements of the accused, in the record, show repeated promises to pay. The findings of the local administrative committee and board of governors are conclusively proven.

It is ordered that H. Pilkington, the accused, be and he is hereby suspended from membership in the state bar of Nevada for the period of one year, and until he be reinstated by an order of this court; that his license to practice law in this state be and is hereby revoked; and that he be enjoined from practicing law, directly or indirectly, until he is ordered reinstated by this court.