## HOODENPYL v. STATE BAR OF OKLAHOMA.

No. 26822.   Dec. 1, 1936.

E. J. Gilder and G. R. Horner, for plaintiff in error.

Coleman H. Hayes and Frank G. Anderson, for defendant in error.

PHELPS, J.   Section 4251, O. S. 1931, of the State Bar Act provides that:

"The annual membership fee for active members shall be the sum of five ($5.00) dollars, payable on or before February first of each year. * * *"

Section 4254 provides that:

"Any member, active or inactive, failing to pay any fees after the same become due, and after two months' written notice by registered mail of his delinquency, must be suspended from membership in the State Bar. * * *"

Plaintiff in error, P. A. M. Hoodenpyl, was an active member of the State Bar. He failed to pay his annual dues as above provided, and after notice, was suspended, all in accordance with the above-quoted sections of the statute. Complaint was filed against him, charging, in substance, that he ignored the above-quoted sections of the statute and continued practicing law. Upon trial before the Board of Governors he was found guilty and recommendation made that he be suspended until such time as he may appear before the Supreme Court and, by proper explanation and apology, purge himself of the offense of contempt of the Supreme Court in violating its order of suspension. From that finding and recommendation the accused appeals.

In this appeal, however, the accused does not claim to have paid the annual dues; neither does he deny that he received the notice provided by statute, nor does he deny that he engaged in the practice of law in the interim between the date of his suspension and his application for and reinstatement, but bases his contention upon highly technical grounds, one of which is that he had no trial or hearing before he was suspended.

As we view it, the language of the statute is not susceptible of the construction that a delinquent member of the bar may demand and be granted a hearing before he is suspended for nonpayment of his annual dues. From the defendant's own testimony, we can reach no other conclusion than that the finding of the Board of Governors is correct. The Board of Governors calls attention to the fact that the willful violation of the order of suspension would justify disbarment, but we agree that, since our Bar Act is a new law and this is the first case of the kind before us, disbarment would be too severe a penalty. But in our desire to be lenient in this case the members of the legal profession must have it impressed upon their minds that the provisions of the Bar Act are enactments of law by the Legislature, the same as other laws, and their infraction cannot and will not be countenanced by the courts.

The finding of the Board of Governors

that petitioner was legally suspended and that he engaged in the practice of law during the period of such suspension is approved, but in lieu of the punishment by the Board of Governors we feel that the ends of justice will have been met by the substitution of a more lenient punishment, and for such infraction we conclude that petitioner should be, and he is hereby, reprimanded.

McNEILL, C. J., and BUSBY, WELCH, and CORN, JJ., concur. GIBSON, J., not participating. OSBORN, V. C. J., and RILEY and BAYLESS, JJ., absent.