512

BAR ASSOCIATION OF PUERTO RICO, Petitioner, *v.* MATEO
FAJARDO DÁVILA ET AL., Respondents.

No. 1.  Argued May 3, 1937.—Decided May 20, 1937.

*Mariano Acosta Velarde* for petitioner.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The Bar Association of Puerto Rico, on April 6, 1937,
filed a petition for the suspension of several attorneys from
practice for failure to pay their membership dues for the
years 1934, 1935, 1936, and 1937, and the court ordered that
the parties be heard on the 3rd of the following May.

Some of the respondents paid their dues before the hear-
ing and others did so subsequently. Their names were elim-
inated from the proceedings. On May 3, there appeared only
the Association by its President and one of the respondents
who had paid his dues. The respondents Mateo Fajardo Dá-
vila, Juan E. Guzmán García, Ramón Hernández Pastrana,

and José M. Rodríguez Bermúdez, who still owe their dues, did not appear nor have they filed any writing in the court.

On May 14, 1932, Act No. 43, passed by the Legislative Assembly and providing for the organization of the Bar Association of Puerto Rico, was approved by the Governor.

By its first section it constituted the persons entitled to practice law in the Supreme Court into a juridical entity or quasi public corporation under the name of Bar Association of Puerto Rico, provided a majority of such persons so decided by referendum. The referendum was held as provided in sections 14 and 15 of said act and the Association was duly established.

As provided by section 4, "all attorneys-at-law who are admitted to practise in the Supreme Court of Porto Rico and who comply with the duties hereby determined for them, shall be members of the Bar Association," one of such duties being the payment of the dues fixed by section 9 of the Act and article 6 of the Regulations, as follows:

"Section 9.—Each year the members of the Association shall pay dues of three (3) dollars on such date or on such instalments as the regulations may prescribe. Said dues, by provision of the regulations, may be increased not to exceed ten (10) dollars."

"Article 6.—*Dues.*—Each member shall pay to the Association each year, in advance, on or before January 31 of the corresponding year, dues of $6 (six dollars). The new members enrolling after said date shall pay, upon filing their applications, the first dues of (6) which will cover until December 31 of the year during which payment is made."

Section 10 provides that any member of the Association who fails to pay his dues, "shall be suspended as such member, but may be reinstated on payment of his debt on this account," and section 3 provides that "after the first general convention of the Bar Association, no person who is not a member thereof shall practise law in this Island."

The act is so clear as to the necessity of the payment of the dues in order to be a member of the Association and as

to the effect of failure to pay the dues that it does not need any construction on those points. It speaks for itself. The doubt arises as to whether it is the Association itself which must order the suspension or whether it is the Supreme Court which may do so at the instance of the Association in order that the decision may effectively prevent an attorney who has ceased to be a member of the Association from further practicing law in Puerto Rico.

A similar situation arose in the State of California. In the case of *Carpenter* v. *The State Bar,* 211 Cal. 358 (295 Pac. 23), it was held as follows:

"The section of the State Bar Act (Stats. 1927, p. 38) involved, so far as here material, is as follows: 'Sec. 46 . . . Any member . . . failing to pay any fees . . . and after two months' written notice of his delinquency, must be suspended from membership in The State Bar. . . .' This section is followed by section 47, which reads: 'No person shall practice law in this state subsequent to the first meeting of The State Bar unless he shall be an active member thereof as hereinbefore defined.'

"It is clear, therefore, that the sum total or aggregate effect of these provisions is. to suspend the right of petitioner to practice law, which suspension will terminate only upon his compliance with the law. It is to be noted, however, that the act does not in so many words say that the Board of Governors shall make the order of suspension from membership. It occurs to us that as this really amounts to suspension from the right to practice law and further that inasmuch as an attorney is an officer of the court, it would seem to have been the legislative intent that his suspension should be made by an order of this court and that the action of the Board of Governors in the matter should be treated as a finding of fact and recommendation that this court make such order. This too is in consonance with our holdings in matters of admission and discipline of attorneys. (*In re Shattuck,* 208 Cal. 6, 9–12 [279 Pac. 998]; *Brydonjack* v. *The State Bar,* 208 Cal. 439, 443 [66 A.L.R. 1507, 281 Pac. 1018].) It also avoids a discussion of the contention that it is in effect the conferring of judicial authority upon a tribunal other than a court."

■ The judgment of the Supreme Court of California bears date of January 12, 1931. In spite of that decision, Carpenter continued to practice law, and in a contempt proceeding brought against him, the court in its decision of July 13, 1931, said:

"The respondent declined and refused to make a verified or any sufficient answer to the accusation contained in the affidavit and the matter having been duly submitted for decision and the court having considered the same, the court now finds that the respondent at the times and places, and in the manner, respectively, as stated in said affidavit, did practice as an attorney or counselor at law and did hold himself out to the public as an attorney and counselor at law entitled to practice in this state, at and during the times when said orders of suspension were in full force and effect, and that all of the allegations of said affidavit are true, and no good or any cause being shown why said A. H. Carpenter should not be found in contempt and punished.

"Now, therefore, it is hereby ordered, adjudged and decreed that said acts of the respondent A. H. Carpenter in respect to this court constitute a contempt of this court, and the respondent is hereby adjudged and declared to be in and guilty of contempt of this court on account of the acts, as set forth in said affidavit, and that as punishment therefor the said A. H. Carpenter pay a fine of $300, and that in default of such payment he be committed to the sheriff of the county of San Joaquin, state of California, and, until such fine is paid, be imprisoned in the country jail of such county, at the rate of one day's imprisonment for every $2 of such fine." *In Re Carpenter,* 1 P. (2) 983.

■ For the reasons stated, as respondents Mateo Fajardo Dávila, Juan E. Guzmán García, Ramón Hernández Pastrana, and José M. Rodríguez Bermúdez have been suspended as members of the Bar Association of Puerto Rico for failure to pay their dues, they are ordered suspended from the practice of their profession until reinstated by payment of their debt on this account. Let notice hereof be given accordingly.