In the Matter of ARTHUR A. PLATZ,
Attorney at Law.

No. 3299

December 31, 1940.                        108 P.(2d) 858.

*Arthur A. Platz,* pro se, and *D. W. Priest,* for Petitioner.

*Alan Bible,* for State Bar of Nevada.

## OPINION

By the Court, DUCKER, J.:

This is a proceeding to review the action of the board of governors of the state bar of Nevada. Petitioner was an attorney at law licensed to practice law in the courts of this state when the state bar act, Comp. Laws, sec. 540 et seq., went into effect. By virtue of the provisions thereof he became a member and for a time after its organization paid dues as an active member. He became delinquent in the payment of dues, and on the 18th day of September 1937, by an order of the supreme court, was suspended from membership in the state bar for failure to pay the same. He paid these dues and on March 29, 1939, was duly reinstated by order of the court. During his suspension, on October 18, 1938, he filed and tried a divorce action in the first judicial district court of the state of Nevada, in and for Storey County. On this account the local administrative committee of the proper district took action against him for a violation of section 47 of the state bar act. Petitioner filed an answer to the notice to show cause and appeared before the committee. In his answer he admitted, among other things, his failure to pay dues, his suspension therefor by order of the supreme court, and his conduct in filing and trying the divorce action during the time of his suspension. In his answer he questioned

the jurisdiction of the state bar and also set up matters in extenuation. After a full hearing the local administrative committee concluded that his conduct in reference to the divorce action was in violation of said section and recommended that the board of governors institute the proper proceedings for the suspension of petitioner for six months, or for his punishment for contempt in practicing law in violation of the court's order and in violation of said section. At a meeting of the board of governors held on November 18, 1939, petitioner appeared and was heard orally. The board of governors concluded that petitioner's said conduct violated said section 47 of the state bar act of Nevada, and recommended that he be suspended until the further order of this court; that his name be stricken from the roll of attorneys of the state bar of Nevada and from the roll of members of the state bar of Nevada; that he be prohibited from the practice of law during the period of his suspension. This proceeding is before us by his petition for review.

It is conceded by petitioner that no questions of fact are involved. He bases his defense upon issues of law.

■ Petitioner raises many questions which have been elaborately argued in briefs and orally. Some of them have been foreclosed by decisions of this court, such as the contention that the state bar had no jurisdiction to take the proceedings against him because it is not a court and cannot exercise judicial functions. See In re Scott, 53 Nev. 24, 292 P. 291; State ex rel. McCloskey v. Greathouse, 55 Nev. 409, 36 P. (2d) 357; Haviland v. Foley et al., 55 Nev. 455, 39 P. (2d) 198.

■ In the former case we held on the authority of In re Shattuck, 208 Cal. 6, 279 P. 998, construing section 26 of the state bar act of California, identical in language of that of section 26 of our bar act, that any decision which the board of bar governors may be empowered to make in a proceeding pending before it is merely recommendatory in character, and the only

orders which have the effect of disbarment or suspension of a person are the final orders of the supreme court, and that the section does not violate article 3, section 1, of the constitution relative to the distribution of governmental powers, as the statute does not invest the board with judicial powers. The subsequent decisions of this court cited above recognized and affirmed the holding in Re Scott, supra. We find nothing in the argument of petitioner or his counsel to induce us to reexamine these cases, or the case of In re Shattuck, supra. In addition we cite Brydonjack v. State Bar, 208 Cal. 439, 281 P. 1018, 66 A. L. R. 1507. See State Bar v. McGhee, 148 Okl. 219, 298 P. 580.

The same authorities are conclusive against the contention that the power to discipline, suspend or disbar attorneys from the practice of the law has been unlawfully conferred upon the state bar contrary to article 3, section 1 of the state constitution. No such power is conferred or could be conferred. It rests with the supreme court alone, as has been repeatedly held by this and other courts. The contention that the state bar act is unconstitutional in that it deprives petitioner of a valuable property right without due process of law, may be similarly disposed of. In re Scott, supra; In re Petersen, 208 Cal. 42, 280 P. 124.

In the former case we held, in reply to the contention that the state bar act was unconstitutional in that it deprived the petitioner of his property without due process: "But, if for the purpose of the State Bar Act, the right to practice law is to be regarded as a property right, the statute meets every requirement of the constitution. Provision is made for a full and complete hearing of all complaints lodged against a member of the bar, and for review before the Board of Governors, coupled with a review by the Supreme Court. The facts and the law both being subject to review and final decision by the supreme court, we do not consider that the petitioner was denied due process of law." [53 Nev. 24,

292 P. 295.] Citing In re Petersen, supra; In re Edwards, 45 Idaho 676, 266 P. 665; In re Bruen, 102 Wash. 472, 172 P. 1152; McVicar v. State Board of Law Examiners, D. C., 6 F. (2d) 33, 35. In Re Petersen, supra [280 P. 125], the court said: "By section 26 of the State Bar Act * * * the power of disbarment rests finally and solely with this court. * * * Nor does a proceeding under the State Bar Act deprive any one of property or right without due process of law, since notice and hearing are provided for, and a hearing is given in the court of last resort."

Petitioner contends that the notice to show cause upon which the proceedings before the local administrative committee was based does not state facts sufficient to constitute an offense under the laws of Nevada, which the state bar could have jurisdiction and power to determine. His first point in this regard is based on an assumption that he committed no offense rendering him liable to disciplinary action in filing and trying the divorce case because the order of the supreme court suspending him from membership in the state bar did not carry with it suspension from the practice of law. This position cannot be sustained. Section 47 of the state bar act provides: "No person shall practice law in this state subsequent to the organization meeting of the state bar unless he shall be an active member thereof as hereinbefore defined."

By force of the supreme court's order petitioner ceased to be a member of the state bar. The power of the supreme court to make the order cannot be questioned. Petitioner then was not a member when he did practice law as charged, and consequently came within the prohibition of the section. That such would be the effect of a valid suspension from membership was recognized by this court in State ex rel. McCloskey v. Greathouse, supra. We held the order of suspension in that case ineffective to deprive the intervener therein of membership because made only by the state bar. In

the course of the opinion the court said [55 Nev. 409, 36 P. (2d) 358]: "The order of suspension made by the State Bar was never called to the attention of this court, and consequently no order of suspension was made thereon or at all in this court. The action of the State Bar in this respect, if effective, would amount to a suspension of intervener's right to practice law. This would follow as of course by reason of section 47 of the State Bar Act, section 586 N. C. L., which reads: [Section quoted]."

Section 46 of the state bar act provides in part: "Any member * * * failing to pay any fees * * * and after two months' written notice of his delinquency, must be suspended from membership in the state bar."

■ As we pointed out in the case supra, sections 46 and 47 of the state bar act of California are identical in language with the same sections of our state bar act. We further pointed out that the supreme court of California in Carpenter v. State Bar of California, 211 Cal. 358, 295 P. 23, was of the opinion that the effect of those sections was to suspend a member in default in membership fees from practicing law. As these sections are the same as the sections of the state bar act of California, the opinion of the supreme court of that state is of great weight.

■■ The fact that the court in its order suspended petitioner from the practice of law instead of from membership in the state bar or from both, is of no importance. Its order was merely its ultimate conclusion as to the effect of the section quoted. If such is the true effect of the sections, and we are convinced that it is, the order of the supreme court in the instant case suspending petitioner from membership in the state bar suspended him from the practice of law.

A different effect cannot be given sections 46 and 47 by the fact stressed by counsel for petitioner, that in decisions of the supreme courts of California and Nevada under their respective bar acts, orders were

made suspending or disbarring attorneys from the practice of law for derelictions other than for the nonpayment of membership fees. There is nothing in the case of In re Pilkington, 56 Nev. 295, 49 P. (2d) 965, and In re Alward, 59 Nev. 102, 86 P. (2d) 27, in which orders were made suspending the accused both from membership in the state bar and from the practice of law for such other derelictions, that supports petitioner's contention. Those cases did not decide or intimate that suspension from membership for the nonpayment of membership fees does not suspend from the practice of law.

■■ There is no merit in the claim that the order of the supreme court was invalid because made without notice and therefore denied petitioner due process of law. We are satisfied that section 46 cannot be construed as affording a delinquent the right of a hearing before he can be suspended. The statute provides written notice and gives a reasonable time thereafter for one in default to renew his good standing in the state bar. A hearing would not be of any advantage to the delinquent, and the statute itself preserves to him the right of reinstatement. In the instant case petitioner admits his delinquency and that he received the statutory notice as to such delinquency. He also admits that he received notice of the order of the supreme court suspending him from membership in the state bar, and that he did thereafter practice law. Under such circumstances the case is clearly in point with Hoodenpyl v. State Bar of Oklahoma, 178 Okl. 264, 62 P. (2d) 980, cited by respondent. The state bar act of that state is very like the state bar act of California. It provides an annual membership fee of $5 for active members. A section corresponding to section 46 of our bar act provides: "Any member, active or inactive, failing to pay any fees after the same become due, and after two months' written notice by registered mail of his delinquency, must be suspended from membership in The State Bar." 5 Okl. St. Ann., sec. 65.

In the course of its opinion the court said: "In this appeal, however, the accused does not claim to have paid the annual dues; neither does he deny that he received the notice provided by statute, nor does he deny that he engaged in the practice of law in the interim between the date of his suspension and his application for and reinstatement, but bases his contention upon highly technical grounds, one of which is that he had no trial or hearing before he was suspended."

In construing the section corresponding to section 46, the court said: "As we view it, the language of the statute is not susceptible of the construction that a delinquent member of the Bar may demand and be granted a hearing before he is suspended for nonpayment of his annual dues."

We are in accord with this view.

█ Petitioner challenges the power of the state bar to collect membership dues, in the exercise of police powers. The claim is not supported by any authority. All authority is to the contrary. Carpenter v. State Bar of California, supra, and cases cited therein. The court said [211 Cal. 358, 295 P. 24]: "It is true that petitioner disclaims liability and denies the power of the board of governors to fix or collect membership dues or assess penalties, but he offers no argument or authority germane to the subject. The validity of the State Bar Act as a regulatory measure under the police power has been repeatedly upheld by this court. When that fact is conceded, it follows as a matter of course that the reasonable expenses necessary to pay the costs of enforcement of the act, in furtherance of the purposes thereof, may be imposed upon the membership in the form of fees or dues." (Citing cases.)

The state bar act was enacted at a special session of the legislature in January 1928. Both petitioner and his counsel assert that the act is void in its entirety because not within the purview of article V, section 9, of the state constitution by which the governor is empowered to convene the legislature in special session.

The section reads: "The governor may, on extraordinary occasions, convene the legislature by proclamation, and state to both houses, when organized, the purpose for which they have been convened, and the legislature shall transact no legislative business except that for which they were especially convened, or such other legislative business as the governor may call to the attention of the legislature while in session."

A call for enactment of a state bar act was not included within the legislative business for which the legislature was convened. It was called to the attention of the legislature in a supplemental message, which was as follows: "I have been asked to recommend the passage of laws incorporating the American Legion and the State Bar Association, and bills for these purposes will be introduced."

■ It is contended by counsel for petitioner that the act was not within the scope of other legislative business which the governor may call to the attention of the legislature in special session for these reasons, (1) the act was not of an urgent nature and of such a type as to admit of no delay; (2) the governor in his message did not show such an interest in the matter as to urge the passage of legislation upon it; (3) the act did not fall within the sphere of legislation that was circumscribed by the original executive message calling the legislature into special session. As to the urgency of the legislation, we think it was to be determined solely by the governor. The section of the constitution invests him with extraordinary powers. He is invested exclusively with the power to determine what occasion shall warrant the convening of the legislature in special session and to designate what subject of legislative business shall be transacted thereat. In re Governor's Proclamation, 19 Colo. 333, 35 P. 530. The language "such other legislative business as the governor may call to the attention of the legislature" is not susceptible of a construction that would negate these powers.

■ Counsel for petitioner relies on Jones v. Theall,

3 Nev. 233, to sustain his position that only legislation of an urgent nature may be transacted at a special session, and such as would admit of no delay, and quotes freely therefrom. It is true the court in that case did state that such was the character of proposed legislation which would authorize the governor to invoke a special session, but it did not hold, or say, or intimate, that such must be the nature of other legislative business the governor might deem proper to call to the attention of the legislature while in session. On the other hand, the court said: "The powers of the Legislature at its special sessions are expressly and clearly limited to the transaction of the business for which it may be convened, or such other business as the Executive may call to its attention whilst it is in session." And again: " * * * we are confirmed in the opinion that it is the purpose of the Constitution to forbid consideration of any but such business as the Governor may deem necessary to be transacted at such sessions * * *."

We are also of that view and presume the words "such other legislative business as the Governor may call to the attention of the Legislature" have been employed in their natural and ordinary meaning. The general rule that the presumption is always in favor of the constitutionality of an act is applicable here, and any piece of legislation should be held within the call or message of the governor to the legislature in special session if it can be done by any reasonable construction. 25 R. C. L. 806. The language must be strictly construed in favor of the power of the legislature to enact the legislation under it. As declared in Baldwin v. State, 21 Tex. App. 591, 3 S. W. 109, 111: "Legislative power, except when the constitution has imposed limits upon it, is practically absolute; and, when limitations upon it are imposed, they are to be strictly construed, and are not to be given effect as against the general power of the legislature, unless such limitations clearly inhibit the act in question. Cooley, Const. Lim. 204."

■ As to the second contention, it is sufficient that the governor called the proposed legislation to the attention of the legislature. It is equally so as to the third contention. Legislation enacted under the latter clause of the section of the constitution need not be the same general nature or have any relation to the type of legislation for which the legislature was especially convened. State v. Dishman, 64 Mont. 530, 210 P. 604. The language is too plain and too comprehensive in its scope, to be restricted by the qualification contended for. The doctrine of ejusdem generis, elaborately discussed by counsel in that connection, has no application.

■ Petitioner contends that sections 2, 3, 4, 5, 6, 7, 8, 42, 43, 45, 47, and 49 of the state bar act are unconstitutional. The first contention in this respect is that they are mandatory and coercive and consequently deprive petitioner of his vested rights and privileges in the practice of law. This contention was decided adversely to petitioner's view in Re Scott, supra, and we will not reiterate or amplify the ruling of that case. Suffice it to say that the legal profession has long been held a proper subject of legislative regulation and control. Carpenter v. State Bar, supra; In re Gibson, 35 N. M. 550, 4 P. (2d) 643, and Kelley v. State Bar of Oklahoma, 148 Okl. 282, 298 P. 623, are likewise referred to as ruling on this subject.

■■ The sections referred to are not unconstitutional as claimed, because they are not uniform and equal as to the classes affected thereby. See State Bar v. Superior Court, 207 Cal. 323, 278 P. 432; In re Scott, supra. The contention that these sections deprive petitioner of a vested property right has already been disposed of. There is no merit in the contention that they operate as a bill of attainder. Kelley v. State Bar of Oklahoma, supra.

Petitioner makes other contentions, but they are so obviously without merit as to require no special mention.

■ The board of governors recommended no definite

period of suspension and we are inclined to be lenient in our judgment. Petitioner has paid his dues and has been reinstated to the practice of the law. He has been under the cloud of these proceedings for some time and we feel that suspension for a short time will be sufficient punishment.

It is therefore ordered that petitioner be and he is hereby suspended from membership in the state bar of Nevada for a period of two months, and until he be reinstated by order of this court; that his license to practice law in this state be and is hereby revoked; and that he be enjoined from practicing law, directly or indirectly, until he is ordered reinstated by this court.