SARKES TARZIAN, INC., an Indiana Corporation, dba KTVN—Channel 2, Appellant, v. THE LEGISLATURE OF THE STATE OF NEVADA and THE STATE OF NEVADA, Respondents.

No. 19242

December 16, 1988

765 P.2d 1142

*McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks,* Reno, for Appellant.

*Brian McKay,* Attorney General, *William E. Isaeff,* Chief Deputy Attorney General, *Lorne J. Malkiewich,* Legislative Counsel, *James W. Penrose,* Principal Deputy Legislative Counsel, Carson City, for Respondents.

# OPINION

*Per Curiam:*

Appellant Tarzian, an Indiana corporation, sued the State of Nevada and its legislature seeking "a declaration" that Assembly Resolution 13[1] is "contrary to and in violation of Art. 4, Sec. 15 of the [Nevada] Constitution, and is therefore null and void."[2] The district court denied Tarzian's request for declaratory relief, and this appeal followed. For the reasons stated below, we affirm the order of the trial court.

At the outset, we question the validity of this suit against the state and the legislature. Just what the State of Nevada, a governmental unit of the United States, presumably able to act only through the agency of its executive branch, has to do with the enactment or annulment of Assembly Resolution 13 is not readily apparent to us. The "Legislature" does not seem to be any more amenable to being sued in this manner than does the "State." Whether the Nevada Legislature is in law a suable entity so as to give substance to an action seeking annulment of the legislative enactments of one of its "Houses" is a matter of grave concern; but since no contention is made by the state or the legislature relative to its capacity to be sued, and since the trial court proceeded to deny Tarzian's suit without considering this point, we will proceed—without ruling on the capacity of the state or the legislature to be sued in this way—to review the trial court's order denying declaratory relief.

The circumstances surrounding the enactment of Assembly Resolution 13 are stated in the trial court's order:

> During the last legislative session, the Nevada Legislature was conducting hearings on Assembly Bill 420[,] [w]hich was an attempt to regulate the franchising of petroleum sales outlets. The Speaker of the Assembly issued a subpoena for

[1]Assembly Resolution No. 13 provides in part:
RESOLVED BY THE ASSEMBLY OF THE STATE OF NEVADA, That Assembly Standing Rule 11 be suspended as it regards meetings of the Assembly Standing Committee on Commerce and any subcommittees thereof to review the documents and information produced by ARCO in response to the subpoena issued by the Speaker of the Assembly on May 8, 1987. . . .
1987 Nev. Stats., File No. 88, 2404.
Assembly Standing Rule 11 states: "All meetings of the Assembly and its standing committees shall be open to the public." 1975 Nev. Stats., File No. 78, 1907.

[2]Article 4, section 15 of the Nevada Constitution provides as follows: "The doors of each House shall be kept open during its session, except the Senate while sitting in executive session, and neither shall, without the consent of the other, adjourn for more than three days nor to any other place than that in which they may be holding their sessions."

the production of documents to the Atlantic Richfield Company, requiring the Company to produce those documents for the Assembly Commerce Committee's examination.

Atlantic Richfield refused to honor the subpoena, apparently envisioning all of their competitors avidly examining their confidential papers in a public meeting. Negotiations ensued, then the Assembly and Atlantic Richfield reached an agreement concerning the production of the documents.

Assembly Resolution No. 13 memorialized that agreement. It provided that the documents would be produced, but they would only be reviewed in closed committee meetings, and nothing obtained from those documents nor the documents themselves could be disclosed to the public. The Resolution also suspended Standing Rule 11, which provided for public meetings of all Assembly Committees. Assembly Resolution 13 was adopted by the Assembly. A closed meeting was scheduled for review of the Committee.

Around the date of that closed meeting, Plaintiff brought this action. It sought a Writ of Mandamus from this Court preventing the meeting, as well as an order of the Court declaring that such meeting excluding the public was unconstitutional.

In addition to the foregoing narration of fact we would note, as did the trial court, that the legislature had adjourned before this issue was brought to hearing and that the houses of the next legislature may or may not have the occasion to involve themselves in matters such as this. Notwithstanding the apparent mootness, the trial court, citing Bd. of County Comm'rs v. White, 102 Nev. 587, 589, 729 P.2d 1347, 1349 (1986), further noted that the "mootness doctrine must yield in the public interest to the more pressing expedient of statutory interpretation." The trial court properly concluded that the question as to whether a legislative committee may hold closed meetings under certain circumstances is just such an issue.

The trial court ultimately refused to annul the action of the Nevada Assembly in enacting Resolution 13, ruling that the court

> must give great deference to the Legislature's authority. There is not an express prohibition against closed committee meetings. The Legislature has decided that such meetings are appropriate under its Constitutional authority. It is not, and should not be, the function of a Court to interfere with the Legislature absent a clear constitutional mandate allowing such action.

We agree with the trial court that there is no "clear constitutional mandate" that requires judicial nullification of Assembly Resolution 13. Absent such constitutional mandate, we decline to interfere with the Assembly's action.

The gist of the district court's ruling is that unless there are specific limitations upon the legislature contained in the Constitutions of the United States or the State of Nevada, the authority of the legislature to act is practically absolute. Galloway v. Truesdell, 83 Nev. 13, 422 P.2d 237 (1967); In re Platz, 60 Nev. 296, 108 P.2d 858 (1940). We agree.

Tarzian concedes that nothing in the Federal Constitution prohibits either house of the Nevada Legislature from conducting committee meetings in private. Similarly, the Nevada Constitution states only that "the doors of each House shall be kept open during its session." Nev. Const., art. 4, sec. 15. The resolution in question does not prevent the doors of either house from being "kept open during its session."

The trial court correctly observed that the above constitutional provision does not mention the *committees* of either house and concluded that had "the Framers intended to prohibit closed sessions of committees, they would have said so." Additionally, as the trial court pointed out, the constitutional debates also fail to indicate any constitutional intent to open all committee meetings as were "the doors of each House . . . during its session," that is, during a meeting of the entire body of the house.

The general practice adopted by our legislature has been that committee meetings are to be open to the public. For example, see Assembly Standing Rule 11 ("All meetings of the Assembly and its standing committees shall be open to the public."), 1975 Nev. Stats., File No. 78, 1907, and Senate Standing Rule 13, which provides for the holding of open meetings by Senate committees except on two-thirds vote of the committee that it is in the public interest "to close the meeting for the hearing of specified testimony," 1975 Nev. Stats., File No. 41, 1880. Nevertheless, if the legislature in governing its affairs chooses to pass a resolution such as Resolution 13, now before us, under our constitution it may do so, there being no clear constitutional prohibition against it.[3] We therefore affirm the order of the trial court.[4]

---

[3]Although not discussed in the body of this opinion, Tarzian also asserts that Senate Standing Rule 13 is violative of article 4, section 15 of the Nevada Constitution insofar as it authorizes the closure of Senate committee meetings upon a two-thirds vote of the committee. For the same reasons that we reject Tarzian's constitutional challenge to Assembly Resolution 13, we also reject Tarzian's companion challenge to Senate Standing Rule 13.

[4]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this appeal.