## The State *v.* Rufus Waples.

The Act of 1855, entitled " An Act to provide a revenue and the manner of collecting the same," is not unconstitutional.

The practice of the profession of law is not shielded from taxation.

APPEAL from the Second Justice's Court of New Orleans, *C. M. Bradford*, Justice of the Peace. *E. W. Moïse*, Attorney General, for the State. *Waples* and *Eustis*, for defendant and appellant.

Merrick, C. J   This is an appeal from the decision of a Justice of the Peace, in a suit brought against the defendant to recover of him the sum of ten dollars, assessed against him as an attorney at law.

The account on which the suit was brought is in these words :

" R. Waples to the State of Louisiana,

To State License on profession, as attorney-at-law, for the year 1856, $10."

"New Orleans, *December*, 1st, 1856."

It is urged that the collection of this sum, as a license, violates Article 105 of the Constitution, because it impairs a contract, and that defendant having been already licensed to practice law by the Supreme Court under a former law, cannot be deprived of that right without adequate compensation previously made.

It is evident that the suit is brought to collect a tax under sec. 3d, paragraph 2d of the Act of 1855, 504.   The fourth section of the same Act, imposing a penalty and making it illegal to carry on or practice any of the trades or professions, specified in the third section, previous to obtaining a license so to do, is only a mode of enforcing collection.   The argument, that the permission or license to practice law is a contract between the State and the attorney at law, which shields him from taxation, and which cannot be regulated in any manner during his life time by the legislature, merits no serious reply.   It is further urged, that the Act of 1855 violates Article 61 of the Constitution, because it is an encroachment of the executive upon the judicial department. We think, by the Act in question, the legislature has adopted stringent measures to compel the payment of taxes by those exercising trades or professions, but in what manner it limits the power of the courts we are yet uninformed.

It is further urged, that the Act of the Legislature is unconstitutional, because it embraces more than one object, and those objects are not expressed in its title.

The title of the Act is, " An Act to provide a revenue and the manner of collecting the same."

The object of the sections of the law which levy the tax of ten dollars upon attorneys, and provides the mode of enforcing the collection of the same, seems to be clearly embraced within the title of the Act.   It will be proper to consider the constitutionality of other portions of the Act when they are shown to affect the rights of the defendant.

Judgment affirmed.