176 So. 620

## STATE v. WILSON.

### 5 Div. 30.

Court of Appeals of Alabama.

June 29, 1937.

Rehearing Denied Oct. 5, 1937.

A. A. Carmichael, Atty. Gen., Walter J. Knabe, Asst. Atty. Gen., and John K. Watkins, Circuit Solicitor, of Opelika, for the State.

Denson & Denson, of Opelika, amici curiæ.

W. L. Wilson, of Roanoke, pro se.

Paul J. Hooton, of Roanoke, amicus curiæ.

RICE, Judge.

Schedule 10, section 348, of chapter 1 of article 13 of an act to provide for the general revenue of the State of Alabama, approved July 10, 1935 (Gen.Acts Ala. 1935, p. 256), is in the following language (page 444): "Schedule 10. Each attorney engaged in the practice of law shall pay an annual license of Twenty-Five Dollars ($25.00) to the State, but no license shall be paid to the County. If such business is conducted as a firm, or as a corporation in which more than one lawyer is engaged, each lawyer so engaged shall pay a license; provided, that the license imposed by this Schedule shall not apply until such attorney shall have practiced his or her profession as long as two (2) years. Ten Dollars ($10.00) of the license herein levied together with the fees paid by applicants as otherwise provided by law, shall remain in the State Treasury and shall constitute a separate fund to be disbursed by the State

Treasurer on the order of the Board of Commissioners of the Alabama State Bar Association. As soon after the first day of October in each year as practicable the State Treasurer shall certify to the Secretary of the Board of Commissioners of the Alabama State Bar Association the names of attorneys who have paid such license fee, and no attorneys who are in default in the payment of such fee shall be recognized in the voting or transaction of business by the State Bar as being in good standing. Provided, however, that no lawyer shall be required to pay a license until after he has practiced his profession for two years."

Appellee is a practicing attorney of Randolph county. He refused to pay the annual license of $25 as provided above, though he offered—and made his offer good by a proper tender—to pay $15 plus the issuing fee of 50 cents.

His objection was that only $15 was the license fee, and $10 was for the benefit of the Board of Commissioners of the Alabama State Bar Association.

After the time allowed for procuring an attorney's license had passed, appellee was cited by the License Inspector. He still refused to procure a license, was prosecuted in the county court for engaging in the practice of law without first obtaining a license, was convicted, and appealed to the circuit court.

There, after the due filing of a complaint charging appellee as indicated—said complaint, of course, being based upon a violation of Schedule 10 hereinabove quoted—his demurrers, taking the point in various ways that said Schedule 10 was *unconstitutional*, were sustained.

The State appeals under the provisions of Code 1923, § 3239.

A great deal does not occur to us as needing to be said. It clearly appears that the purpose of the proceeding is to test the constitutionality of the above-quoted Schedule 10. Indeed, the question of whether or not it is a constitutional enactment, as that term is understood here, is the sole one presented for our decision.

We are not unaware of the force of the arguments presented on behalf of appellee *against* the constitutional validity of said schedule. But neither are we unaware of the force of the arguments presented, throughout recorded history, *against* the validity of practically every great innovation in our ways and manners of living, working, traveling, seeing, and believing.

"This Changing World" is more than a high sounding name. And, as Mr. Justice Bouldin said, in the case of Ex parte Thompson, 228 Ala. 113, 152 So. 229, 242, 107 A.L.R. 671: "An integrated bar, charged with some responsibility and duty in maintaining its own standing and character, is a natural and obviously proper system, now being adopted by many states."

We take it that the constitutional validity of the various acts (collected, with proper citations, in the opinion by Mr. Justice Thomas in Re Fite, 228 Ala. 4, 152 So. 246) establishing the State Bar Commission has been determined favorably to the contention of the appellant, here, in the Ex parte Thompson Case, supra, and in the case of In re Fite itself. And see Ex parte Messer, 228 Ala. 16, 152 So. 244.

And since the Supreme Court has declared that the State Bar Commission was set up "in aid of this (that) Court" (Ex parte Thompson, supra), we can see no objection to the Legislature providing for funds for its maintenance.

Briefly, our views are:

1. The Legislature had the undisputed right to exact a license from those engaging, as appellee, in the practice of law. In re Dorsey, 7 Port. 293, and authorities collected and cited in the brief filed here by Messrs. Denson & Denson, amicus curiæ.

2. The same Legislature might, properly, direct a portion of said license to be paid to the State Bar Commission. Ex parte Thompson, supra.

3. But, if not, the provision exacting said license being valid and severable would still stand. Ham v. State ex rel. Buck, 156 Ala. 645, 47 So. 126; dissenting opinion by Mr. Justice Stone, United States v. Butler et al., 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

4. Appellee cannot, anyhow, question the disposition of the license fee legally exacted of him. Dissenting opinion by Mr. Justice Stone, supra.

5. Section 45 of the Constitution of 1901 does not apply. Harris v. State, etc., 228 Ala. 100, 151 So. 858.

6. None of the other objections urged against the constitutionality of said Schedule 10 has merit—nor, in our opinion, semblance of same requiring discussion.

It results we are of the opinion, and hold, that the trial court erred in sustaining appellee's demurrers to the complaint exhibited against him. His order or judgment doing so is here, and hereby, reversed. Said demurrers are likewise overruled; and the cause remanded to the court from which the appeal comes, for further proceedings.

Reversed and remanded.