MISSISSIPPI STATE BAR *v.* COLLINS.

June 9, 1952.

No. 38456 (59 So. (2d) 351)

**E. L. Snow,** for appellant.

**T. C. Hannah,** for appellee.

**Kyle, J.**

The Board of Commissioners of the Mississippi State Bar filed a bill of complaint in the Chancery Court of the Second Judicial District of Jones County against Jeff Collins, an attorney at law, engaged in the practice of law in Jones County, seeking to enjoin and prohibit the defendant from the further practice of law in the State of Mississippi, until he has paid to the treasury of

the State Bar the sum of $90 alleged to be due and owing by him to the Mississippi State Bar as dues at the rate of $5 per year for the years 1932 to 1949, inclusive, and seeking to recover a decree against him for the above stated amount.

The complainants in their bill alleged that the defendant had been engaged in the practice of law in the State of Mississippi for the period of eighteen years next preceding the date of the filing of the bill, and that he had failed and refused to pay his membership dues during that period of time; that he had been duly notified of his delinquency by written notice mailed to him by the Secretary of the State Bar more than two months before the filing of the bill of complaint; that his delinquency had been duly reported by the secretary to the board of commissioners; and that the secretary of the State Bar had notified the courts of the county of his residence that he had been suspended from the membership in the State Bar, because of his delinquency, and had notified the defendant in writing of his suspension. And the complainants alleged in their bill that unless the injunction prayed for was granted, the defendant would continue to practice law contrary to the provisions of the statute. A copy of a resolution of the State Bar declaring that the defendant, and other members of the Bar who were delinquent, had been suspended from membership because of failure to pay their dues, and directing that suit be filed in the chancery court to recover the amount of the dues which had not been paid, and asking for an injunction prohibiting the defendant from the further practice of law, was attached to the bill of complaint.

The defendant demurred to the bill of complaint, and alleged twelve grounds of demurrer. The chief grounds of demurrer alleged were: (1) That the complainant had no right under the State Bar act to file such suit; (2) that the Legislature was without authority to impose the special assessment of $5 on members of the Bar as a condition to the right to continue the practice of law; (3)

that the State Bar act was unconstitutional in that it violated Section 87 and paragraph (s) of Section 90 of the Constitution of the State of Mississippi, and the 5th and 14th amendments of the Constitution of the United States; (4) that the complainants had no jurisdiction to proceed against the defendant because the defendant had already been suspended as a member of the State Bar; (5) that the alleged suspension of the defendant as a member of the State Bar was invalid, for the reason that such suspension could be effected only by the judgment of a court of competent jurisdiction; (6) that the proceeding in this case is in effect a proceeding to disbar the defendant from the practice of law, and that the allegations of the petition are insufficient to constitute the basis of a disbarment proceeding.

The court, after hearing the arguments on the demurrer, entered a decree sustaining the demurrer. The complainant declined to plead further and the court dismissed the bill of complaint. The chancellor, in ruling on the demurrer, dictated into the record a statement of his reasons therefor, which were (1) that the section of the State Bar act which provided for the suspension of an attorney who fails to pay his dues without notice to him of the charge and without a hearing before the Bar Commissioners was unconstitutional, and (2) that the board of commissioners of the State Bar had no right under the act to institute the proceeding against the defendant.

The Mississippi State Bar was created by Chapter 121, Laws of 1932, Sections 8685 to 8724, Code of 1942, and by the act itself all persons admitted to practice law in the State are made members of the organization. The governing authority of the State Bar is vested in a board of commissioners consisting of the president of the State Bar and as many members as there are circuit court districts in the State. The members of the board of commissioners are elected each year by the members of the Bar in their respective districts. A majority of the entire membership is required to constitute a quorum for action

upon any questions that may come before the board except such questions as the statute or the by-laws of the organization may require to be passed upon by a larger portion of the membership. The board of commissioners is required to elect a secretary, who shall perform the duties of treasurer. It is made the duty of the secretary to keep the minutes of all meetings of the board of commissioners, and also the minutes of each meeting of the State Bar. The secretary is required to maintain an office at the State Capitol. She is paid a salary. No other officer of the State Bar can be paid a salary. But the traveling expenses of the members of the board of commissioners attending the meetings of the board, and the expenses of committees making trips on business of the association, are paid out of the funds of the association.

Under Section 8696, Code of 1942, enrollment on the list of members of the association and the payment of annual dues, as required under the act, is made a prerequisite to the continued practice by any lawyer engaged in the practice of law in the State. Under Section 8698 all men in the armed services of the United States, who have a license to practice law in the State, are exempt from the payment of dues. Section 8699 provides that: ''Each member of the association engaged in the practice, or in order to possess authority to practice law in this State, shall pay dues each year in the sum of $5.00. All dues shall be paid for the same period, that is, for the period of one year beginning on the day and month to be determined as in Section 26 (Sec. 8711) hereof provided. The dues shall be paid to the secretary of the association.''

Section 8707, Code of 1942, provides that: ''The State Bar shall be governed by the Board of Commissioners which shall have the powers and duties in this Act conferred and which shall be charged with the executive functions of the State Bar and with the duty to enforce the provisions of this Act.'' Section 8708 provides (1)

that the board shall, subject to the approval of the justices of the Supreme Court, formulate rules governing the conduct of all persons admitted to practice; (2) that the board shall investigate and pass upon all complaints that shall be made concerning the professional conduct of any person engaged in the practice of law; (3) that the board may appoint committees and delegate to such committees the power and authority possessed by the board itself, but the authority to pass upon the conduct of attorneys and to take action against or to discipline attorneys may not be delegated to a committee; and (4) the board shall render advisory opinions, upon the written request of any member of the association, as to the validity or propriety of any proposed act or course of conduct.

Section 8709 defines the duties of the State Bar as follows: ''It shall be the duty of the Mississippi State Bar, by and through its president, to recommend to the State Legislature such legislation relating to the courts, to matters of pleading, practice and procedure, and any other legislation which in its judgment will improve the courts and the law, or render the members of the bar more efficient as ministers of justice and the courts more efficient as instrumentalities for its attainment.'' And the association is authorized ''to hold and conduct educational and social meetings and activities among the members of the bar, to publish journals and generally to do such things as in their judgment may tend to improve the educational and ethical standing of the bench and bar.''

Section 8710 provides that any member failing to pay any dues after the same become due, and after two months' written notice of his delinquency mailed to him by registered mail, addressed to his usual place of abode, shall thereby stand suspended from membership in the State Bar. And it is made the duty of the secretary, upon any member becoming suspended as above stated, to notify the courts of the county of his residence of such fact, by mailing a notice thereof to the presiding judge

and to the clerk of the court. Any member who has been suspended for non-payment of dues shall be reinstated upon payment of the delinquent dues, and the secretary, upon such payment, shall notify the court of his county of such fact.

Other sections of the act authorize the board of commissioners to investigate complaints or charges of misconduct on the part of any member of the Bar and to institute proceedings in the circuit or chancery court for the disbarment of such member from the practice of law.

Bar integration has been accomplished in many of the states during the last thirty years. In some of the states it has been accomplished by act of the Legislature, incorporating all members of the bar into a state bar association and prescribing its powers and functions; in other states it has been accomplished by rules of court promulgated under legislative authority; and in some states it has been accomplished by rules of court without express legislative authority. While the statutes or court rules under which integrated bars have been organized differ to some extent, integrated bars have the common characteristics of being organized by the state or under the direction of the state, and of being under its direct control; and in effect they are governmental bodies. In the strictly integrated bar all practicing attorneys are required to be members, and they are subject to the rules of the bar, including such provisions as the requirement for the payment of an annual fee to be used by the organization for administrative purposes; and they may be proceeded against for unethical conduct, and may be called to account for such acts of misconduct as may evince unfitness for the practice of law. Annotation 114 A. L. R. 161.

The requirement of membership in an integrated bar with the payment of a membership fee as a prerequisite to the continued practice of law has been upheld in the states which have established integrated bars. State Bar of California v. Superior Court, 1929, 207 Cal. 323,

278 P. 432; Hill v. State Bar of California, 14 Cal. (2d) 732, 97 P. (2d) 236; In re Mundy, 202 La. 41, 11 So. (2d) 398; Ayres v. Hadaway, 303 Mich. 589, 6 N. W. (2d) 905; In re Platz, 60 Nev. 296, 108 P. (2d) 858; Integration of Bar Case, 244 Wis. 8, 11 N. W. (2d) 604, 12 N. W. (2d) 699, 151 A. L. R. 586; In re Integration of State Bar of Oklahoma, 185 Okl. 505, 95 P. (2d) 113; In re Gibson, 35 N. M. 550, 4 P. (2d) 643; Louisville Bar Ass'n ex rel. Drane v. Yonts, 270 Ky. 503, 109 S. W. (2d) 1186.

Chapter 121, Laws of 1932, was enacted several years after similar acts had been passed in Alabama, California, Nevada and other states, and after court tests had been made in some of those states to determine the constitutionality of such legislation, and in defining the powers of the state bar and its board of commissioners special care was taken to avoid any encroachment upon the powers of the judiciary relating to the promulgation of rules of practice and procedure in the courts or any invasion of the constitutional rights of the accused in a disbarment proceeding. As pointed out above, the board of commissioners are charged with the duty of formulating rules governing the conduct of persons admitted to practice law, but they can do this only with the approval of the justices of the Supreme Court. The board is charged with the duty of investigating and passing upon complaints that may be made concerning the professional conduct of any person engaged in the practice of law; but if after such investigation is made it appears that disbarment proceedings should be instituted, such proceedings must be instituted in the proper court and the constitutional rights of the accused are fully protected at every stage of the proceeding. The recommendations of the bar itself as to methods of improving the rules of pleading, practice and procedure cannot be put into effect until they are enacted into law by the legislature.

We do not think that Chapter 121, Laws of 1932, violates Section 87 or paragraph (s) of Section 90 of the State Constitution. In view of its membership, its

functions and the purposes of its creation, the State Bar, created by the act, possesses none of the attributes of a private corporation. And the State Bar act is in no sense a local or private act. It is general in its application and applies to all lawyers in the state who are actively engaged in the practice of law. The State Bar is in reality an agency of the state created in the exercise of the police power of the state for the purpose of regulating more effectively the practice of law and for the purpose of encouraging the study of improved methods of procedure and practice in the courts.

█ █ The legislature in the exercise of its police power, and in the performance of its duty to protect the public against imposition and incompetence of persons professing to be qualified to practice law, has authority to prescribe qualifications for persons engaging in the practice of law, in addition to the qualifications that may be prescribed by the rules of court. In re Mundy (La.), supra. As stated by the Nevada Court in the case of In re Scott, 53 Nev. 24, 292 P. 291, the educational qualifications, the moral fitness and the professional conduct of persons entering into and engaging in the practice of law have been regarded at all times as proper subjects of legislative regulation and control. The right to follow any of the common industrial occupations of life does not extend to the pursuit of professions or vocations of such nature as to require peculiar skill or special supervision for the protection of the public welfare.

█ █ The State Bar act does not represent an encroachment by the legislature upon the powers of the judiciary, as contended by the appellee's attorneys in their briefs. It is well settled by the decisions of the courts of other states, in which bar integration has been effected by legislative act, that the legislature has the power to establish an integrated bar. State Bar of Calif. v. Superior Court, supra; In re Scott (Nev.), supra; Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A. L. R. 671.

██ ██   We do not think that Section 8710 is unconstitutional because it provides for the automatic suspension from membership in the State Bar of a member who fails to pay his dues after two months' written notice of his delinquency has been mailed to him by the secretary. No judicial hearing on the question of the member's delinquency in the payment of his dues is provided for in the statute; and in our opinion no judicial hearing is required to make valid the suspension. It is within the power of the member at any time to have himself reinstated by payment of the delinquent dues to the secretary. The question with which we are dealing here is wholly unlike the question presented in a case where suspension or disbarment of a member is asked for because of misconduct evincing unfitness to practice law. The sections of the State Bar act relating to suspension or disbarment of members who have been guilty of conduct evincing unfitness to practice law provide for notice and a hearing and contain ample safeguards to protect the rights of the accused, and the proceeding in a case of that kind is judicial in its nature. But no constitutional rights are involved in the automatic suspension from membership in the State Bar of any member who fails to pay his dues after two months' written notice of his delinquency, as required by Section 8710.

In the case of In re Oliver, 1939, 97 Utah 1, 89 P. (2d) 229, 233, the Court said that a suspension of an attorney as a member of the State Bar for nonpayment of dues comes automatically without hearing. No hearing is contemplated. "It terminates solely the right to exercise the privileges of the status of a member. The termination of that right for such reasons casts no reflection upon the member's moral qualifications."

In the case of Hoodenpyl v. State Bar of Oklahoma, 1936, 178 Okl. 264, 62 P. (2d) 980, the Court held that suspension of a member of the bar, after the giving of statutory notice, for failure to pay annual dues, was proper, although he had been given no trial or hearing.

Under the Oklahoma statute the annual membership fee for active members was $5.00 payable on or before February first of each year. Section 4254 of the Oklahoma Statutes 1931, provided that: "Any member, active or inactive, failing to pay any fees after the same become due, and after two months' written notice by registered mail of his delinquency, must be suspended from membership in The State Bar." In its opinion approving the findings of the Board of Governors that the petitioner was legally suspended and that he engaged in the practice of law during the period of such suspension, the Court said: "As we view it, the language of the statute is not susceptible of the destruction that a delinquent member of the Bar may demand and be granted a hearing before he is suspended for non payment of his annual dues. From the defendant's own testimony, we can reach no other conclusion than that the finding of the Board of Governors is correct."

In the case of In re Platz, 1940, 60 Nev. 296, 108 P. (2d) 858, 862, the Court had under consideration Section 46 of the state bar act of that state, which provided in part that " 'Any member * * * failing to pay any fees * * * and after two months' written notice of his delinquency, must be suspended from membership in the state bar.' " And the Court in that part of its opinion dealing with the above mentioned Section 46 said: "There is no merit in the claim that the order of the supreme court was invalid because made without notice and therefore denied petitioner due process of law. We are satisfied that Section 46 cannot be construed as affording a delinquent the right of a hearing before he can be suspended. The statute provides written notice and gives a reasonable time thereafter for one in default to renew his good standing in the state bar. A hearing would not be of any advantage to the delinquent, and the statute itself preserves to him the right of reinstatement. In the instant case petitioner admits his delinquency and that he received the statutory notice as to

such delinquency. He also admits that he received notice of the order of the supreme court suspending him from membership in the state bar, and that he did thereafter practice law." See State ex rel. McCloskey v. Greathouse, 55 Nev. 409, 36 P. (2d) 357.

In the case of State v. Wilson, 27 Ala. App. 560, 176 So. 620, the Court held that the legislature has the right to exact a license from those engaged in the practice of law, and to direct that a portion of the license exacted from those engaged in the practice of law be paid to the State Bar Commission. And the Court held that a statute exacting a license of $25 from those engaged in the practice of law and directing that $10 of the amount be paid to the State Bar Commission was constitutional.

In the case of In re Mundy (La.), supra, the Court held that the annual dues levied by the Louisiana State Bar Association under the Louisiana statute and rules of court against member attorneys were not unenforceable on the ground that they deprived the attorneys of their freedom to join the association.

We think that the chancellor erred in holding that Section 8710, Code of 1942, was unconstitutional for the reason that it provided for the suspension of an attorney who failed to pay his dues without notice and without a hearing on the charge before the board of bar commissioners. ██ ██ We think that the chancellor was also in error in holding that the board of commissioners had no right under the State Bar act to institute the proceeding against the defendant.

Section 8707, Code of 1942, expressly provides that the board of commissioners shall be charged with the duty of enforcing the provisions of the State Bar act, including the provisions of the above mentioned Sections 8696 and 8710, Code of 1942.

We think that the objections urged by the appellee's attorneys against the provisions of the State Bar act on the constitutional grounds alleged in the demurrer filed in the lower court are not well taken; and that the de-

murrer should have been overruled. The allegations of the bill of complaint filed by the board of bar commissioners, if proved, constitute sufficient grounds for the granting of the relief prayed for in the bill of complaint. And for the reasons stated above the judgment of the lower court sustaining the demurrer filed by the defendant and dismissing the bill of complaint is reversed, and judgment is entered here overruling the demurrer, and the cause is remanded to the lower court for further proceedings in harmony with the views hereinabove stated.

Reversed and remanded.

All Justices concur.