548 So.2d 1208 (1989)
TWENTY-FIRST JUDICIAL DISTRICT COURT, et al.,
v.
STATE of Louisiana, et al.
No. 89-CD-1957.
Supreme Court of Louisiana.
September 21, 1989.
Timothy Averill and Nancy Chachere, New Orleans, for applicant.
William J. Guste, Jr., Atty. Gen., Kenneth C. DeJean, Roy A. Mongrue, Jr., Martha S. Hess, Baton Rouge, Charles J. Yeager, Dept. of Justice, Hammond, Dickie W. Patterson, William J. Doran, Jr., Baton Rouge, Thomas McFerrin, Ron S. Macaluso, Seale, Macaluso & Ross, Hammond, *1209 Duncan S. Kemp, III, Dist. Atty., Clifton T. Speed, Asst. Dist. Atty., Rodney C. Cashe, Lila Tritico Hogan, Hammond, Carl W. Cleveland, and Dawn M. Barrios, New Orleans, for respondents.
PER CURIAM.
We granted certiorari to review the district court's refusal to grant relators' declinatory and peremptory exceptions in this case in which the plaintiffs seek to have the district court issue a writ of mandamus, in effect, instructing this court as to how it should exercise its inherent and administrative powers to supervise the fiscal affairs of the judicial branch of government.
The plaintiffs in the captioned litigation, elected and sitting judges of the Twenty-First Judicial District Court, filed suit against all three branches of state government (including the Louisiana Supreme Court and the Judicial Budgetary Control Board) seeking, inter alia, to compel funding for their court. Relators, the Louisiana Supreme Court and the Judicial Budgetary Control Board, thereupon filed three exceptions: a peremptory exception of no cause of action; a declinatory exception of lack of subject matter jurisdiction; and a dilatory exception of prematurity. The exceptions were heard immediately prior to trial.
At the hearing of the exceptions, the trial court sustained the dilatory exception of prematurity and dismissed all claims against the Louisiana Supreme Court and the Judicial Budgetary Control Board, apparently because plaintiffs had not complied with the rules and procedures promulgated by the Judicial Budgetary Control Board pertaining to the preparation and submission of budgetary requests. However, the trial court either overruled or refused to rule on relators' declinatory exception of lack of subject matter jurisdiction and peremptory exception of no cause of action. Relators' applications for writs were granted by this Court.
Our state constitution divides governmental power into separate legislative, executive and judicial branches and provides that no one branch shall exercise powers belonging to the others. La. Const. 1974, Art. II, §§ 1, 2. This trichotomous branching of authority furnishes the basis for the existence of an inherent judicial power which the legislative and executive branches cannot abridge. Singer, Hutner, Levine, etc. v. LSBA, 378 So.2d 423 (La. 1979); Saucier v. Hayes Dairy Products, 373 So.2d 102, 109, 114 n. 3 (La.1979) (Calogero, J., On Rehearing) (Dennis, J., dissenting from the opinion on original hearing); Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La. L.Rev. 765, 786 (1977). As the Supreme Court is the head of the judicial system, it is the final arbiter of the exercise of those inherent judicial powers. La. Const.1974, Art. V., §§ 1, 5(A), 6; see Imbornone v. Early, 401 So.2d 953, 957, 961 (La.1981) (Per Curiam On Rehearing) (Dennis, J., dissenting from the opinion on original hearing). Although the Supreme Court's inherent judicial powers are not explicitly defined, they include powers of administration, the power of judicial review, power over officers of court, and the contempt power. Hargrave, supra at 787. Moreover, La. Const. Art. V., § 5(A) grants the Supreme Court "general supervisory jurisdiction over all other courts," providing another basis for the court's administrative control over lower courts, see Hargrave, supra at 787, and provides that the Supreme Court "may establish procedural and administrative rules not in conflict with law...". The scope of the Supreme Court's power to make administrative and procedural rules is not limited, except that they cannot conflict with law. Id. These constitutional provisions explicitly and implicitly establish in the Supreme Court a centralized authority to supervise the judicial system, not only in legal interpretation and adjudication, but also in the manner the lower courts conduct their affairs procedurally and administratively. Id.
In this case the plaintiffs seek to have a writ of mandamus issued directing the Supreme Court and the Judicial Budgetary Control Board, an administrative board created by rule of the Supreme Court, to supplement the judicial branch's *1210 budgetary request to the legislature with a request for additional funds for the Twenty-First Judicial District Court. The preparation and submission of budgetary requests to the Legislature for the judiciary are functions within the inherent and administrative powers of the Supreme Court. Pursuant to these powers, the Supreme Court has adopted administrative rules creating the Judicial Budgetary Control Board for the purpose of performing these and other budgetary functions, has authorized the board to adopt rules and regulations for these purposes, subject to the court's approval, and has provided that:
Prior to each session of the legislature, the board shall present a proposed unified budget request for the judicial branch to the Louisiana Supreme Court for its approval. The Louisiana Supreme Court, acting under its inherent and administrative authority, Louisiana Constitution, Article V, Sections 1, 5, may present the unified budget request on behalf of the judicial branch to the legislature. La.Supreme Court Administrative Rules, § 4(d).
Accordingly, the Supreme Court, having the exclusive inherent and administrative power to supervise the fiscal affairs of the judicial branch, has delegated to the Judicial Budgetary Control Board the task of preparing annually a proposed budget for that branch, and has retained for the Court itself the power and function of presenting the final judicial branch budget request to the legislature. The Supreme Court has not delegated any power or duty to other courts to prepare or modify the judicial branch budgetary request. Consequently, a district court does not have the jurisdiction, that is, the legal power and authority, to hear and determine an action to mandamus the Supreme Court or the budgetary control board to modify the judicial branch budgetary request to the legislature or to grant any relief in such a proceeding. See La.C.C.P. art. 1. Furthermore, it is self-evident that no lower court or judge has a right or cause of action to bring such a suit against the Supreme Court or its budgetary control board.

Decree
For the reasons assigned, the judgment of the district court denying or refusing to sustain relator's declinatory exception objecting to the court's lack of jurisdiction over the subject matter and relator's peremptory exception objecting to the failure of the petition to state a cause of action is reversed, these exceptions are sustained and the plaintiffs' demands insofar as they affect the Supreme Court and the Judicial Budgetary Control Board are dismissed at plaintiffs' cost.
COLE, J., concurs with reasons.
WATSON, J., also concurs for reasons assigned by COLE, J.
COLE, Justice, concurring.
I agree a district court does not have jurisdiction to issue a mandamus to the Supreme Court ordering it to modify the judicial branch budgetary request to the legislature. However, I do not interpret this to mean the lower courts do not have the power to command the legislative branch of government to provide adequate and necessary funding, subject to ultimate review by this court as to the reasonableness of the amount. Traditionally, such actions have been viewed as a proper exercise of inherent power by components of the judicial branch.